IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 12, 2023

**BOBBY V. SUMMERS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2018-B-885      Angelita Blackshear Dalton, Judge**

———————————————

**No. M2023-00103-CCA-R3-PC**

———————————————

Bobby V. Summers, Petitioner, appeals the post-conviction court's summary dismissal of his petition as time-barred. Upon review of the record and applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and J. ROSS DYER, JJ., joined.

Bobby V. Summers, Henning, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Jeffrey Jackson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner was indicted for first degree premeditated murder, first degree felony murder, especially aggravated robbery, and tampering with evidence. Pursuant to a negotiated plea agreement, Petitioner entered a guilty plea to facilitation of first degree premeditated murder in exchange for an outside-of-range sentence of twenty years with sixty percent release eligibility pursuant to *State v. Hicks*, 945 S.W.2d 706 (Tenn. 1997). The judgment of conviction was entered on August 21, 2019.

On November 28, 2022, Petitioner filed a pro se Petition for Post-Conviction Relief ("the Petition") claiming that he received ineffective assistance of counsel and that his conviction was based on an "unlawfully induced guilty plea or guilty plea involuntarily entered without understanding of the nature and consequences of the plea." The only explanation provided by Petitioner in the Petition as to why the statute of limitation should

not bar his claim was: "My attorney never explained to me that I could appeal the illegal sentence he convinced me to plead to. I wasn't aware of the statute of limitations[,] and I wasn't aware of the meaning of facilitation to [first] degree murder."

On December 15, 2022, the post-conviction court summarily dismissed the Petition, finding:

> In the present case, because no appeal was taken, the judgement became final on September 20, 2019. Because more than one year has elapsed since the 2019 conviction in this case became final, and because the petition fails to assert an excepted claim pursuant to Tennessee Code Annotated § 40-30-102(b), this Court finds that the petition for post-conviction relief is untimely.

Petitioner appealed.

## ANALYSIS

On appeal, Petitioner claims that his "guilty plea was illegal and unconstitutional," that his "actual innocence" satisfies the tolling requirement of Tennessee Code Annotated section 40-30-102, and that trial counsel was ineffective "in challenging Petitioner's actual innocence and illegal and unconstitutional plea." The State argues that the post-conviction court properly dismissed the Petition. We agree with the State.

### *Standard of Review*

This court reviews the summary dismissal of a post-conviction relief petition *de novo*. *See Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002); *Odom v. State*, No. M2022-00252-CCA-R3-PC, 2022 WL 17261526, at *5 (Tenn. Crim. App. Nov. 29, 2022). Whether the post-conviction statute of limitations should be tolled is a mixed question of law and fact that we also review de novo. *Bush v. State*, 428 S.W.3d 1, 16 (Tenn. 2014).

### *Statute of Limitations*

The Post-Conviction Procedure Act provides relief "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. "Time is of the essence of the right to file a petition for post-conviction relief[.]" Tenn. Code Ann. § 40-30-102(a). A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on

which the judgment became final." *Id.* There are, however, three statutory circumstances that toll the running of the statute of limitations. Tenn. Code Ann. § 40-30-102(b). The supreme court described these statutory circumstances as:

> (1) claims based on a newly recognized constitutional right that applies retroactively, and that are filed within one year of the ruling recognizing that right;

> (2) claims based on new scientific evidence that proves that the prisoner is innocent of the offense; and

> (3) claims seeking relief from a sentence that was enhanced because of a previous conviction that was subsequently held to be invalid.

*Whitehead v. State*, 402 S.W.3d 615, 622 (Tenn. 2013).

Although Petitioner argues in his brief that he is actually innocent of facilitation of first degree murder, he does not claim that there is any new scientific evidence that proves his innocence. Petitioner has not shown that any of these three statutory exceptional circumstances apply in his case.

Before the State "may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992). For a petitioner to be entitled to due process tolling, a petitioner must show "(1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Whitehead*, 402 S.W.3d at 631. Our supreme court has recognized three such extraordinary circumstances: (1) claims for relief that arise after the statute of limitations has expired; (2) mental incompetence preventing a petitioner from complying with statutory deadlines; or (3) attorney misconduct. *See Williams v. State*, 44 S.W.3d 464, 470-71 (Tenn. 2001); *Seals v. State*, 23 S.W.3d 272, 277-80 (Tenn. 2000). The court in *Whitehead* cautioned that due process tolling "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Whitehead,* 402 S.W.3d at 631-32 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

Petitioner does not address why he waited more than three years from the date his conviction became final to file the Petition and has not shown that he was pursuing his rights diligently. Petitioner claims that his guilty plea was "illegal and unconstitutional"

because he was indicted "as the principal not as an accessory or facilitator" and that the State "never amended the indictment to charge him as a facilitator." Facilitation of first degree murder is a lesser-included offense of first degree murder. *State v. Burns*, 6 S.W.3d 453, 470 (Tenn. 1999). A lesser-included offense is an offense that is "necessarily included in the offense charged." Tenn. R. Crim. P. 31(d)(1)(A); *State v. Myers*, 581 S.W.3d 173, 181 (Tenn. 2019). No amendment to the indictment was required for Petitioner to plead guilty to facilitation of first degree murder.

Petitioner, citing *Standefer v. U.S.*, 447 U.S. 10 (1980), also argues that his conviction is illegal and void because he cannot be convicted of facilitation "without the prior conviction of the principal offender." That is not correct. In *Standefer*, the Supreme Court of the United States held that a defendant accused of aiding and abetting in the commission of a federal offense may still be convicted when the named principal has been acquitted of that offense.

Petitioner argues that his trial counsel "abandoned" his claim of actual innocence. According to Petitioner, he pleaded guilty to facilitation of first degree murder "to avoid the life-long prison-time." The Petition to Enter Plea of Guilty signed by Petitioner stated that Petitioner's plea was entered intelligently and voluntarily. Petitioner chose to plead guilty to a lesser-included offense to avoid the possibility of a life sentence.

Petitioner has not shown that his claims for relief arose after the statute of limitations expired; that mental incompetence prevented him from complying with the statutory deadline; or that his failure to file a timely petition was due to attorney misconduct. *See Williams*, 44 S.W.3d at 470-71. "In every case in which we have held the statute of limitations is tolled, the pervasive theme is that circumstances beyond a petitioner's control prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations." *Smith v. State*, 357 S.W.3d at 358.

Petitioner has failed to prove that he pursued his rights diligently and has failed to prove that an "extraordinary circumstance" prevented the timely filing of the Petition. Due process considerations do not require tolling of the statute of limitations.

**Conclusion**

The post-conviction court properly dismissed the Petition as time-barred.

_____
ROBERT L. HOLLOWAY, JR., JUDGE